UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Manuel TADEO, Defendant–Appellant.

No. 99–10519.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2000

Filed Aug. 25, 2000

Victoria Brambl, Assistant Federal Public Defender, District of Arizona, Tucson, Arizona, for the defendant-appellant.

Sandra Hansen, Assistant United States Attorney and Richard E. Gordon, Assistant United States Attorney, District of Arizona, Tucson, Arizona, for the plaintiff-appellee.

Before: ALARCON, O'SCANNLAIN, and GOULD, Circuit Judges.

ALARCON, Circuit Judge:

Juan Manuel Tadeo ("Tadeo") appeals from the 21–month sentence imposed by the district court following the revocation of his supervised release. Tadeo contends that the district court abused its discretion in departing upward from the policy statement range of 8 to 14 months for a Grade C violation of a condition of supervised release, and failing to consider his physical and mental impairments resulting from AIDS as mitigating evidence, requiring a more lenient punishment within the 8 to 14 month range. We affirm because we conclude that the district court did not abuse its discretion in its sentencing decision. The district court was not bound by the policy statements set forth in Chapter 7 of the U.S. Sentencing Guidelines Manual ("U.S.S.G.") in imposing a sentence that did not exceed the maximum statutory sentence.

## I

On May 27, 1997, Tadeo pled guilty, pursuant to a plea agreement, to an information charging him with transporting aliens within the United States with knowledge or in reckless disregard of the fact that the aliens entered the United States illegally. *See* 8 U.S.C. § 1324(a)(1)(A)(ii). The district court sentenced Tadeo to serve 21 months in prison, followed by a term of 36 months of supervised release. Tadeo's sentence was based on a criminal history category of VI. The presentence report reflected that in 1988 he was convicted of raping a female with a foreign object while under the influence of narcotics. He had a history of criminal conduct spanning 20 years, including felony convictions.

After Tadeo's release from prison, he violated the conditions of his supervised release. Tadeo's supervising probation officer reported these violations to the district court.

On July 16, 1999, pursuant to an agreement with the Government, Tadeo admitted that while on supervised release he had used narcotics, failed to submit urine samples on four occasions, failed to participate in a program of substance abuse treatment, and committed criminal trespass, a crime punishable by a term of imprisonment of one year or less under Arizona law, and failed to notify his supervising probation officer within 72 hours of his change of residence. These violations of the conditions of supervised release are classified as Grade C violations in Chapter 7 of the U.S.S.G. The policy statement for a Grade C violation when the defendant has a criminal history category of VI suggests a sentence of 8 to 14 months. *See* U.S.S.G. § 7B1.4(a).

In exchange for Tadeo's admissions, the Government agreed to dismiss the Grade B violations set forth in the probation officer's petition for the revocation of Tadeo's term of supervised release. Tadeo also agreed that the Government could request

an "upward departure" to no more than 21 months.[1]

The district court found that Tadeo knowingly and voluntarily admitted violating the conditions of his supervised release. The district court scheduled a hearing on October 14, 1999, to determine whether Tadeo's supervised release should be revoked, and, if so, the punishment that should be imposed.

At the disposition hearing, Tadeo's counsel asked that Tadeo be reinstated on supervised release, or, alternatively, that the district court should depart downward from the policy statement sentencing range of 8 to 14 months set forth in U.S.S.G. § 7B1.4(a) because Tadeo has AIDS and suffers from serious depression and psychotic symptoms, including hallucinations.

The Government asked the court to revoke Tadeo's term of supervised release and to impose an upward departure from the policy statement range of 8 to 14 months. In support of its recommendation, the Government cited the danger posed by Tadeo's use of narcotics while on supervised release and the risk that he will commit other crimes including sexual offenses.

The district court ordered that Tadeo's term of supervised release be revoked based on his admission of facts that constituted a Grade C violation of the conditions of supervised release. The district court noted that Tadeo had committed a number of criminal offenses, including a violent and bizarre rape, while under the influence of drugs. For that reason, the district court concluded that an upward departure from the policy statement range of 8 to 14 months was warranted because of Tadeo's return to the use of drugs while on supervised release. Tadeo has timely appealed. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(3).

II

Tadeo asserts that the district court abused its discretion by "upwardly departing from the sentencing guidelines." The Government argues that the policy statements set forth in Chapter 7 of the U.S. Sentencing Guidelines Manual are not binding on a district court in sentencing a defendant after revoking his or her term of supervised release. Tadeo responds that the district court ignored its duty to consider the sentencing ranges set forth in U.S.S.G. § 7B1.4(a), and that it misapplied U.S.S.G. § 7B1.4, Application Note 3.

In *United States v. George*, 184 F.3d 1119 (9th Cir.1999), we held that the sentencing ranges set forth in Chapter 7 are merely advisory, and that they are not binding on a district court in calculating the sentence that should be imposed upon revoking a term of supervised release. *Id.* at 1122. "[T]he policy statements set forth in Chapter 7 are neither guidelines nor interpretations or explanations of guidelines." *Id.* at 1121.

■■■ We review a district court's consideration of the non-binding policy statements set forth in Chapter 7 for abuse of discretion. *See id.* at 1120. A district court abuses its discretion if it fails to consider these policy statements. *See id.* at 1122. If a district court considers the policy statements of Chapter 7, it is free to reject the suggested sentencing range and may revoke a defendant's supervised release and impose a sentence that is below the statutory maximum. *See id.* at 1122–23 (citing *United States v. Forrester*, 19 F.3d 482, 485 (9th Cir.1994)).

The record shows that the district court considered the suggested sentencing range contained in § 7B1.4(a). At the dispositional hearing on the petition to revoke the term of supervised release, the district court stated:

> As the dispositional report reflects, a Grade C violation committed by some-

---

1. The statutory maximum sentence for a Grade C violation of a condition of supervised release is two years. *See* 18 U.S.C. § 3583(e)(3).

one with a criminal history of six results in a policy statement range of 8 to 14 months imprisonment.

The statutory maximum that you would face for these violations is 24 months imprisonment. There is a cap under the plea agreement in this case of 21 months imprisonment.

After summarizing Tadeo's past criminal behavior, the court stated to Tadeo that "you are at risk according at least to the experts who had a chance to see you in this case, to commit several offenses when you are using drugs and ... you were using drugs, and that is part of the basis for the revocation proceeding." The court concluded that revocation of the term of supervised release was required and "under Section 7B1.4, Application Note 3, an upward departure is warranted in this case." Thus, contrary to Tadeo's contention, the district court did not ignore its duty to consider § 7B1.4(a).

■ Tadeo argues that the district court misapplied Application Note 3 in departing upward from the policy statement reflected in § 7B1.4(a) because the defendant did not present a high risk of new felonious conduct. This argument is grounded on the false premise that § 7B1.4(a) sets forth a sentencing guideline. For example, in footnote 3 of his opening brief, Tadeo states: "The sentencing guidelines range for a Grade C violation for a defendant falling within Criminal History Category VI is 8–14 months." As discussed above, § 7B1.4(a) and Application Note 3 are merely advisory policy statements. They must be considered, but unlike a sentencing guideline adopted by the United States Sentencing Commission, a policy statement setting forth a suggested sentencing range may be freely rejected by a district court without abusing its discretion, if the sentence actually imposed is within the statutory maximum.

In his reply brief, Tadeo states that "[t]he government's brief also ignores the 'upward departure' language peppered throughout the Chapter 7 policy statements." While it is quite true that Application Note 3 states that "an upward departure may be warranted" under certain circumstances, the use of the term "upward departure" does not serve to convert the suggested sentence into a binding sentencing guideline if the Grade C violation is not associated with a high risk of new felonious conduct. *See United States v. Doss*, 79 F.3d 76, 78 (7th Cir.1996) (holding that § 7B1.4(a) is not binding simply because the district court used the term "depart upward" in rejecting a joint recommendation by both counsel that the suggested range of 8 to 14 months be applied).

Here, the district court considered the aggravating factor set forth in Application Note 3 in rejecting the suggested range set forth in § 7B1.4(a). It found that Tadeo's use of narcotics presented the risk that Tadeo would commit serious crimes because his prior criminal activity, including sexual offenses, occurred while he abused controlled substances. The district court did not abuse its discretion in revoking the term of supervised release and in imposing a 21-month sentence for the protection of society and as an appropriate punishment for the Grade C violation of the conditions of supervised release.

III

■ Tadeo further asserts that the district court abused its discretion by failing to "properly weigh the mitigating factors of Mr. Tadeo's extraordinary physical disability due to the recent deterioration of his condition from HIV-positive to full blown AIDS or his ever worsening mental impairments." The record shows, however, that the district court received letters on the date of the revocation and sentencing proceedings from the "Mariposa Community Health Center and also from a counselor concerning the defendant's condition." The trial judge also noted that he "went back and reviewed all the materials that were present in this file, including the

evaluations that have been completed as well as, of course, the dispositional report, and I have considered all of that." We are persuaded that the district court acted reasonably in weighing the mitigating evidence of Tadeo's serious health problems against the danger he posed to society because of his relapse to the use of narcotics. The fact that he has committed a sexual assault while under the influence of narcotics has become a more serious threat to others because he now has a disease that is sexually transmitted. Under these circumstances, the district court did not abuse its discretion in imposing a sentence that is greater than the suggested sentencing range set forth in § 7B1.4(a).

AFFIRMED.