UNITED STATES of America,
Plaintiff–Appellee,

v.

Allen DEPHILLIPIS, aka Allen Dephillipes, aka Steven Michael Smith
Defendant–Appellant.

No. 00–50476.

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2001 **.

Decided May 16, 2001.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**650**

* This disposition is not appropriate for publication and may not be cited to or by the courts

Before RYMER, HAWKINS and GOULD, Circuit Judges.

## MEMORANDUM *

Allen DePhillipis appeals his 19–month sentence for violating the terms of his supervised release. We have jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291, and affirm.

█ DePhillipis contends that the district court lacked authority to depart from the sentencing range of 8–14 months for a Class C felony provided in U.S.S.G. § 7B1.4(a), and failed to consider both the sentencing ranges set forth in § 7B1.4(a) and the nature and circumstances of the offense as directed by 18 U.S.C. § 3583(e)(3). However, § 7B1.4(a) is not a sentencing guideline, but a policy statement that is not binding. *United States v. Tadeo*, 222 F.3d 623, 625 (9th Cir.2000); *see also United States v. George*, 184 F.3d 1119, 1122 (9th Cir.1999). Here, the court explicitly acknowledged the range suggested by § 7B1.4(a); having done so, it did not abuse its discretion by rejecting it and imposing a sentence below the statutory maximum. *Tadeo*, 222 F.3d at 625. The court also fulfilled its obligation under § 3583(a) by taking into account DePhillipis's drug abuse and related crimes, opportunities to reform, his prior sentence and his conduct on supervised release.

█ DePhillipis further suggests that the court clearly erred in considering the five months remaining on his community corrections sentence because it lacked authority to reinstate him on supervised release with the condition that he spend six months at the Community Corrections Center in the first place. But this condition was imposed at DePhillipis's request.

of this circuit except as provided by 9th Cir. R. 36–3.

Accordingly, whatever objection under 18 U.S.C. § 3563(b) that he may have had (if any) was waived.

 DePhillipis maintains that the court impermissibly double counted the five months he was absent from the Community Corrections Center because it was based on conduct he admitted as a violation of supervised release. However, § 7B1.3(d) allows the court to add an unserved period of community confinement to the term of imprisonment imposed upon revocation of supervised release.

Lastly, DePhillipis argues that the court lacked the authority to depart because § 7B1.3, application note 4, is wrong to the extent it treats a departure for substantial assistance, which must be initiated by the government, like other departures which are discretionary. As we have explained, the court was not departing from a sentencing guideline range when it imposed a 19 month sentence. Regardless, all departures, including those under § 5K1.1, must be determined by the court.[1]

AFFIRMED.

---

1. We do not consider DePhillipis's argument that the district court failed to give him adequate notice of its intention to depart because he abandons the point in reply.

