**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chester Drew LARIMORE, Defendant–Appellant.**

No. 01–10056.

D.C. No. CR–93–00129–PMP.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.[*]

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM [**]

Chester Drew Larimore appeals his 24 month sentence imposed following the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Larimore contends that his sentence must be vacated and this matter remanded to the district court for resentencing because the district court: (1) failed to consider the applicable guidelines or policy statements set forth in Chapter Seven of the Sentencing Guidelines; and (2) failed to state, in open court, its specific reasons for upwardly departing from the sentence recommended by the policy statements concerning revocation of supervised re-

lease. *See* 18 U.S.C. §§ 3553(a) and 3553(c)(2), respectively. We review for an abuse of discretion, *United States v. Tadeo*, 222 F.3d 623, 625 (9th Cir.2000), and conclude that this contention lacks merit.

The record shows that the district court acknowledged the maximum term of imprisonment under the guidelines was 14 months and that sentencing Larimore to 24 months would be an upward departure from the guidelines recommendation. Furthermore, the district court stated that it was imposing the 24 month sentence in accordance with Guideline Section 7B1.4, Application Note 4, as a result of Larimore's failure to comply with his supervised release terms after the court had taken a chance by granting him a sentence reduction pursuant to Federal Rule of Criminal Procedure 35. *See* U.S.S.G. § 7B1.4, comment (n.4) ("where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance) ... an upward departure may be warranted"). It is also apparent from the record that the district court judge considered the relevant factors set forth in 18 U.S.C. § 3553(a) before imposing sentence. Accordingly, the district did not abuse its discretion in departing from the policy statement range and sentencing Larimore to the two-year statutory maximum. *See United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir.2000) (stating district court, upon revocation of supervised release, has discretion to impose a sentence up to the statutory maximum listed in 18 U.S.C. § 3583(e)(3)); *Tadeo*, 222 F.3d at 625–626 (concluding no error occurred where the district court noted the guideline range, statutory maximum and

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

stated its reasons for departing from the recommended sentence).

**AFFIRMED.**

---

\* John Ashcroft is substituted for the Immigration and Naturalization Service pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.