**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus O. CORDOVA, Defendant—
Appellant.**

No. 02–30165.

D.C. No. CR–96–00026–MA.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 21, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM**

Jesus O. Cordova appeals his revocation of supervised release for an underlying guilty-plea conviction for drug possession with intent to distribute, in violation of 21 U.S.C. § 841(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Cordova challenges neither the sufficiency of the evidence demonstrating his violation, nor the district court's adherence to Federal Rule of Criminal Procedure 32.1, which sets forth the requirements governing revocation proceedings. Instead, Cordova contends that at the revocation hearing, the district court should have engaged in a colloquy to establish Cordova's unequivocal admission to the supervised release violation. We are unpersuaded. We have held that the making of admissions at a probation revocation proceeding is not the equivalent of a guilty plea, functional or otherwise, and that, consequently, the protections of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or Rule 11 do not apply. *See United States v. Segal*, 549 F.2d 1293, 1300 (9th Cir.1977). Our decision in *United States v. Tadeo*, 222 F.3d 623 (9th Cir.2000), is not to the contrary.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.