**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Brian Jeffery MCCALL, Defendant—**
**Appellant.**

No. 03–10602.

D.C. No. CR–99–00087–RCB.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 9, 2004.*

Decided Sept. 1, 2004.

———

Timothy C. Holtzen, Phoenix, AZ, for Plaintiff–Appellee.

Thomas E. Haney, Phoenix, AZ, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Federal prisoner Brian Jeffery McCall appeals his 30–month sentence imposed following revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3582, and we affirm in part and vacate and remand.

McCall contends that the district court erred by imposing a 30–month sentence following revocation of his supervised release where United States Sentencing Guidelines § 7B1.4 advises 6–12 months. A review of the record demonstrates that the district court considered the Chapter 7 policy statements, rejected the suggested sentencing range for specific reasons, and sentenced McCall within the statutory maximum. Accordingly, the district court did not abuse its discretion in imposing a 30–month sentence. *See* 18 U.S.C. 3583(e)(3); *United States v. Tadeo,* 222 F.3d 623, 625–26 (9th Cir.2000).

McCall next contends that the district court erred by imposing, pursuant to 18 U.S.C. § 3583(h), a term of supervised release following his re-imprisonment. Specifically, McCall argues that because his underlying offense predated the enactment of § 3583(h), the imposition of an additional term of supervised release was an *ex post facto* violation. This contention is foreclosed by *Johnson v. United States,* 529 U.S. 694, 702–03, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (holding that § 3583(e)(3), which was in effect at the time of defendant's conviction, permits a district court to impose a sentence upon revocation of both incarceration and supervised release).

Finally, McCall contends, and the government concedes, that the written Order

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Revoking Supervised Release in this case is in conflict with the oral pronouncement of sentence. The written order states that McCall shall serve a term of 21 months of supervised release, while the district court's oral pronouncement of sentence clearly states that McCall shall serve a term of 18 months supervised release. The oral pronouncement of sentence controls. *See United States v. Allen,* 157 F.3d 661, 668 (9th Cir.1998). Accordingly, we affirm the sentence imposed of 30 months. We vacate the district court's October 28, 2003 Order Revoking Supervised Release and remand to allow the district court to correct its written order of supervised release to conform with its oral pronouncement. *See* 28 U.S.C. § 2106.

**AFFIRMED in part, VACATED and REMANDED.**