**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James S. McCORMICK, Defendant—
Appellant.**

No. 03–30370.

D.C. No. CR–95–60085–HO.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.[*]

Decided Oct. 6, 2004.

Christopher L. Cardani, AUS, Eugene, OR, for Plaintiff–Appellee.

Harrison Stewart Latto, Esq., Law Office of Harrison S. Latto, Portland, OR, for Defendant–Appellant.

Before PREGERSON, HAWKINS, and GRABER, Circuit Judges.

MEMORANDUM [**]

James S. McCormick appeals the 24–month term of imprisonment imposed following the revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and 18 U.S.C. § 3742. Appellant contends that the district court abused its discretion when it imposed a sentence which exceeds the recommended range provided in the Chapter 7 policy statement of the United States Sentencing Guidelines, and failed to state its basis for the sentence. We review for abuse of discretion, *United States v. Tadeo*, 222 F.3d 623, 625 (9th Cir.2000), and we affirm.

A review of the record reveals that the district court considered the factors and gave specific reasons for exceeding the range, in accordance with 18 U.S.C. § 3553(c)(2). *See United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir.2000).

Appellant also contends that the district court abused its discretion in departing upward from the range proscribed in the Chapter 7 policy statement. While the court must consider the policy statement, "unlike a sentencing guideline adopted by the United States Sentencing Commission, a policy statement ... may be freely rejected by a district court without abusing its discretion, if the sentence actually imposed is within the statutory maximum." *Tadeo*, 222 F.3d at 626. McCormick's sentence does not exceed the statutory maximum, and we conclude there was no abuse of discretion.

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.