**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mikeal James MAVRINAC,**
**Defendant–Appellant.**

No. 04–30013, 04–30015.

D.C. No. CR–96–00015–CCL,
CR–96–00012–CCL.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2004.*

Decided Oct. 25, 2004.

Paulette L. Stewart, Esq., Helena, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., Great Falls, MT, for Defendant–Appellant.

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

MEMORANDUM **

Mikeal James Mavrinac appeals the sentence imposed upon him when his term of supervised release was revoked. *See* 18 U.S.C. § 3583(e)(3). We vacate the sentence and remand.

In light of the facts of this case, except as hereafter noted, it was not an abuse of discretion for the district court to decide to impose a lengthy prison sentence upon Mavrinac when it revoked his term of supervised release. *See United States v. Tadeo*, 222 F.3d 623, 626 (9th Cir.2000); *United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir.2000). The district court properly considered the applicable advisory policy statements[1] and the sentencing factors involved,[2] and sentenced within the appropriate statutory maxima.[3] However, the district court did apparently believe that it was required to look to and follow the Guideline range for the underlying crimes to the extent possible[4] once it deviated from the policy statements themselves.[5] We cannot say that but for that the district court would have imposed as lengthy a supervised release revocation sentence. Thus, we must vacate and remand for further consideration. *Cf. Koon v. United States*, 518 U.S. 81, 113–14, 116 S.Ct. 2035, 2053–54, 135 L.Ed.2d 392 (1996); *Williams v. United States*, 503 U.S. 193, 202–03, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992); *United States v. Robinson*, 63 F.3d 889, 891 (9th Cir.1995);

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. George*, 184 F.3d 1119, 1120–21 (9th Cir.1999).

2. *See Musa*, 220 F.3d at 1100–01; *see also United States v. Schmidt*, 99 F.3d 315, 320 (9th Cir.1996).

3. *See Tadeo*, 222 F.3d at 626; *see also United States v. Jackson*, 176 F.3d 1175, 1176–78 (9th Cir.1999) (consecutive sentencing is authorized).

4. The authorities relied upon by the district court refer to the entirely separate situation of probation, rather than supervised release, revocation. *See United States v. Olabanji*, 268 F.3d 636, 638–39 (9th Cir.2001); *United States v. Plunkett*, 94 F.3d 517, 518–19 (9th Cir.1996).

5. *See* USSG Ch.7, Pt.A1, intro. comment.

*United States v. Rodriguez–Razo,* 962 F.2d 1418, 1424–25 (9th Cir.1992).

VACATED and REMANDED.