UNITED STATES of America,
Plaintiff—Appellee,

v.

Robin W. LAWRENCE, aka Sealed,
Defendant—Appellant.

No. 03–50158.

D.C. No. CR–95–00442–WDK.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.\*

Decided Dec. 13, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument.  See

Fed. R.App. P. 34(a)(2).

Matthew Umhofer, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Scott S. Furstman, Esq., Attorney at Law, Redondo Beach, CA, for Defendant–Appellant.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM **

Robin W. Lawrence appeals the revocation of his supervised release after he admitted to violating the terms of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

A district court's decision to revoke a term of supervised release is reviewed for abuse of discretion. *United States v. Musa*, 220 F.3d 1096, 1100 (9th Cir.2000). Lawrence argues that the district court did not realize that it possessed the discretion to not revoke his supervised release or to sentence him below the suggested range set forth in the United States Sentencing Guidelines. U.S.S.G. § 7B1.4(a). The record, however, demonstrates that the district court recognized that it possessed discretion not to revoke Lawrence's super-

vised release and was not bound by the recommended sentencing range. The district court sentenced Lawrence to the minimum term recommended by the suggested range. *See id.* No abuse of discretion occurred. *See United States v. Tadeo*, 222 F.3d 623, 625 (9th Cir.2000).

Lawrence asserts that the district court impermissibly shifted the burden of proof to him during the revocation hearing. *See United States v. Turner*, 312 F.3d 1137, 1142 (9th Cir.2002) (noting that the government has the burden to prove violation of a condition of supervised release). To the contrary, Lawrence admitted to committing to violations of the conditions of his supervised release. No impermissible burden-shifting occurred.

We reject Lawrence's conclusory assertion that he failed to received adequate written notice of the grounds for the revocation of his supervised release. The petition on supervised release provided Lawrence sufficient written notice of the alleged violations of his supervised release. *See United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir.1998) (a defendant is entitled to written notice of the alleged violation at his revocation hearing).

Lawrence contends that the district court deprived him of his right of allocution at sentencing. We disagree. The record in this case demonstrates that the district court invited Lawrence to address the court before the court pronounced its sentence, and Lawrence spoke at length. Accordingly, the district court afforded Lawrence his right of allocution. *See United States v. Leasure*, 122 F.3d 837, 840 (9th Cir.1997) (noting that a defendant's right of allocution under Federal

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Rule of Criminal Procedure 32 "may be satisfied by allowing a defendant an opportunity to make a statement before the end of sentencing but after the court has indicated its tentative conclusions on sentencing").

■ Finally, Lawrence attacks his underlying sentence by arguing that five years of supervised release was not statutorily authorized and that Merrill Lynch was not a financial institution for purposes of 18 U.S.C. § 1343. This Court is not the proper forum for such an argument. "[A]n appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction. The conviction may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255, and a court should consider the petition for probation revocation as if the underlying conviction was unquestioned." *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir.1987).

AFFIRMED.