**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juvenile MALE, Defendant–Appellant.**

**No. 06–30238.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Dec. 21, 2006.

Craig W. Haller, Esq., Anna S. Peckham, Esq., Office of the U.S. Attorney, Great Falls, MT, Lori Harper Suek, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Evangelo Arvanetes, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM *

Juvenile Male violated the terms of his probation and was sentenced to forty-six months of official detention. On appeal, he contends that the district court erred by failing to consider the Chapter 7 policy statements in imposing his sentence and by imposing a sentence that was contrary to the rehabilitative purpose of the Federal Juvenile Delinquency Act (FJDA), 18 U.S.C. § 5031, et. seq. Because these objections were not presented to the district court, we review for plain error, and we affirm.

■ The district court may have erred by failing to consider the Chapter 7 policy statements, or by failing to make a record that it did so. *See* 18 U.S.C. § 5037(b); U.S.S.G. § 7B1.4; *United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000) ("A district court abuses its discretion if it fails to consider [the Chapter 7] policy statements."). There was no plain error, however, because Juvenile Male's substantial rights were not affected. *See United States v. Klinger,* 128 F.3d 705, 712 (9th Cir.1997) (noting that "before we may correct an error not raised at trial, 'there must be (1) error, (2) that is plain, and (3) *that affects substantial rights'* ") (emphasis added) (quoting *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). It does not appear from the record that a different sentence would have been imposed. After Juvenile Male failed to take proper advantage of the opportunities that he had been given, the district court imposed a sentence at the top of the guidelines range, concluding that the custody and structure inherent in an extended sentence were necessary to support Juvenile Male's rehabilitation. *See* 18 U.S.C. § 5037(c). Although the district court should have referenced the policy statements in its sentencing decision, its fail-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ure to do so did not "affect[ ] the outcome of the ... proceedings." *See United States v. Jimenez,* 258 F.3d 1120, 1124 (9th Cir.2001) (quoting *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) (internal quotation marks omitted). We therefore decline to disturb Juvenile Male's sentence on this ground.

■ A juvenile offender sentenced under the FJDA must be "confined in the least-restrictive environment that will support [his] continued rehabilitation." *United States v. Juvenile,* 347 F.3d 778, 785 (9th Cir.2003). In determining the "least restrictive environment," the district court must assess the "totality of the unique circumstances and rehabilitative needs of each juvenile." *Id.* at 787. Before sentencing Juvenile Male, the district court weighed his unique circumstances and rehabilitative needs, balancing the progress that he had made during probation against the serious nature of his underlying offense, his multiple probation violations, his continued need for structure and supervision, and the absence of any "responsible adult" who could provide such structure and supervision to him. On the basis of these considerations, the district court determined that a forty-six-months sentence was appropriate in this case. This decision was not inconsistent with the rehabilitative purpose of the FJDA.

Section 5039 of the FJDA provides that "[w]henever possible, the Attorney General shall commit a juvenile to a foster home or community-based facility located in or near his home community." 18 U.S.C. § 5039. When a district court recommends that a juvenile offender be placed in a facility away from his home community, it should make specific findings in support of this placement. *See Juvenile,* 347 F.3d at 789; *United States v. Patrick V.,* 359 F.3d 3, 13–14 (1st Cir.2004). The district court made sufficient findings to support Juvenile Male's placement at the RYO facility and thus comported with the requirements of Section 5039.

**AFFIRMED.**