**UNITED STATES of America, Plaintiff—Appellee,**

v.

**George Donald VICTORIAN, aka George Alvarenga, George Walker, Emmanuel Guzman, George Victor, Manuel Guzman, Speedy Baby, Defendant—Appellant.**

**No. 06–50207.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2007.*

Decided Feb. 12, 2007.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Jennifer L. Waier, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff—Appellee.

G. David Haigh, Esq., Law Offices of G. David Haigh, Santa Ana, CA, for Defendant—Appellant.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

George Donald Victorian appeals the 42–month sentence imposed after the district court revoked his supervised release under 18 U.S.C. § 3583(e)(3). We affirm. Be-

cause the parties are familiar with the facts and procedural background, we do not recite them here.

Our cases have consistently held that "imposition of imprisonment following the revocation of supervised release is part of the original sentence authorized by the fact of conviction...." *United States v. Huerta–Pimental,* 445 F.3d 1220, 1225 (9th Cir.2006). It follows that in this case the district court was permitted to sentence Victorian up to the term authorized by 18 U.S.C. § 924(c), subject to a cap of five years set out by 18 U.S.C. § 3583(e) for Class A felony convictions. Victorian's December 2005 sentence of one year of supervised release did not reduce the authorized sentencing range to one year.

When sentencing under § 3583, the district court need only consult the advisory guidelines. *See United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000). Here, the district court considered and rejected the guidelines sentence as insufficient because Victorian presented a danger to his community and consistently exploited the district court's earlier leniency. Notwithstanding any findings about eligibility for residential rehabilitation, these reasons were sufficient to support the above-guidelines sentence. *See United States v. Miqbel,* 444 F.3d 1173, 1178 (9th Cir.2006).

AFFIRMED.