**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roger Talbot HAMMARLUND, Defendant–Appellant.**

**No. 06–50469.**

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2007.*

Filed March 12, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Douglas A. Axel, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Myra Sun, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FERNANDEZ, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Roger Hammarlund appeals the eighteen-month sentence that the district court imposed after he admitted violating the terms and conditions of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

■ The district court acted properly when it imposed a sentence outside the recommended three-to-nine-month range contained in the Chapter 7 policy statements of the Sentencing Guidelines.[1] The district court explicitly considered the policy statements and imposed a sentence less than the statutory maximum.[2] The district court also satisfied the requirements of 18 U.S.C. § 3553 when it explicitly stated its reasons for imposing a sentence outside the Guidelines-recommended range.[3]

■ The district court did not plainly err when it discussed information regarding an *ex parte* conversation at Hammarlund's sentencing.[4] The court's discussion of the *ex parte* conversation did not substantially affect Hammarlund's rights. The court relied upon other grounds that independently and sufficiently supported Hammarlund's sentence.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See United States v. Tadeo,* 222 F.3d 623, 625–26 (9th Cir.2000) ("[A] policy statement setting forth a suggested sentencing range may be freely rejected by a district court without abusing its discretion, if the sentence actually imposed is within the statutory maximum.").

2. *See United States v. Musa,* 220 F.3d 1096, 1100 (9th Cir.2000).

3. *See United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006). Title 18 U.S.C. § 3583(e), which concerns revocations of supervised release, includes a requirement that the court consider some of the § 3553(a) factors prior to revocation.

4. *See United States v. Olano,* 507 U.S. 725, 733–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (noting that in order to show plain error, the defendant must show: (1) that there was an error, (2) that the error was plain or obvious, and (3) that it affected substantial rights).