UNITED STATES of America,
Plaintiff—Appellee,

v.

Dion Lee LONGKNIFE, Defendant—
Appellant.

No. 07–30029.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2007.*

Filed Dec. 11, 2007.

Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER **, District Judge.

## MEMORANDUM ***

Longknife appeals his sentence for violation of his supervised release. Longknife does not deny the violation; rather, he argues the district court unreasonably applied the factors that it was required to consider under 18 U.S.C. § 3583(e). In particular, Longknife argues that the court unreasonably departed from the advisory policy statements contained in Chapter 7 of the Federal Sentencing Guidelines and that the court improperly punished him for the criminal conduct underlying his original conviction.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable. William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Section 3583(e) requires that a court sentencing a defendant for violation of supervised release consider a particular subset of the factors set forth in § 3553(a). "We review sentences, including those imposed upon revocation of supervised release, for reasonableness." *United States v. Simtob,* 485 F.3d 1058, 1061 (9th Cir. 2007). Nevertheless, we review "the district court's consideration of nonbinding policy statements, such as Chapter 7, for abuse of discretion." *United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir.2006). "A district court abuses its discretion if it fails to consider these policy statements." *United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000).

Longknife's sentence was not unreasonable merely because the district court departed from the sentence suggested in Chapter 7. The court considered Chapter 7, and gave a specific reason for its rejection of that sentence. Longknife's argument that the judge improperly punished him for his underlying conduct is equally unavailing. *See Simtob,* 485 F.3d at 1062 (holding that the seriousness and nature of the underlying conduct may be considered in determining a sentence for violation of supervised release). The district court neither abused its discretion in rejecting Chapter 7's suggested sentence nor imposed an unreasonable sentence.

**AFFIRMED.**