**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10297 |
| Plaintiff - Appellee, | D.C. No. 2:00-cr-00034-WBS-1 |
| v. | |
| WILLIAM ANTHONY MOORE, AKA Whipp, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted April 18, 2012
San Francisco, California

Before: KOZINSKI, Chief Judge, N.R. SMITH and CHRISTEN, Circuit Judges.

We affirm the judgment revoking William Moore's supervised release and

the sentence the district court imposed upon revocation.

1. Moore's admission to the sale and possession of controlled substances

charges at his admit or deny hearing was non-hearsay evidence of his supervised

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

release violation, therefore we need not determine whether the summary in the violation petition violated his confrontation rights. *See United States v. Verduzco*, 330 F.3d 1182, 1185–86 (9th Cir. 2003); *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999).

2. The violation petition gave Moore sufficient notice of the alleged violation of supervised release. The petition notified Moore that the alleged new law violation—possession of controlled substances with intent to distribute—violated the terms of his supervised release. *See United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998).

3. The district court did not commit procedural error by failing to apply the Fair Sentencing Act (FSA) retroactively. The FSA does not operate retroactively to reduce the underlying offense from a Class A to a Class B felony. *See United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011) (per curiam). The district court properly considered the advisory policy statements amended by the FSA and then rejected them. *See United States v. Tadeo*, 222 F.3d 623, 626 (9th Cir. 2000).

4. The district court did not commit procedural error by failing to adequately explain the sentence. The record shows that the district court properly discussed and addressed the sentencing factors enumerated in 18 U.S.C. § 3583(e). *See United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009).

5.  Finally, we cannot conclude that the 54-month sentence, which was within the recommended Guidelines range, was substantively unreasonable on this record.  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**