**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50028 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00333-ABC-1 |
| v. | |
| EDUARDO ROBERTO BITIA LOPEZ, AKA Eduardo Roberto Bitia, AKA Manuel Corado Lopez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted November 13, 2012 [**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Eduardo Lopez appeals the 73-month sentence imposed following his guilty

plea to being a deported alien found in the United States in violation of 8 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1326.  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Because Lopez failed to object to the district court's alleged procedural errors at sentencing, we review for plain error.  *United States v.  Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2005).  Contrary to Lopez's assertion, the district court did not treat the Sentencing Guidelines as establishing a presumptive sentence, but rather, properly treated the Sentencing Guidelines as advisory, and properly considered the § 3553(a) sentencing factors.  *See Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).

We review the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2008).   When a district court properly applies the Sentencing Guidelines, "'it is probable that the sentence is reasonable.'" *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 551 (2007)).  Here, the district court properly applied the Guidelines and imposed a sentence at the lower end of the applicable Guidelines range based on a reasonable application of the § 3553(a) factors.  The district court also acted within its discretion in denying Lopez a downward departure based on his health problems.  *See e.g. United States v.*

*Tadeo*, 222 F.3d 623, 627 (9th Cir. 2000).  We conclude that the sentence imposed by the district court was substantively reasonable.

**AFFIRMED**.