**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>WALLACE SHIMABUKURO, JR., AKA<br>Wally Shimabukuro,<br><br>Defendant - Appellant. | No. 13-10528<br><br>D.C. No. 1:03 CR-0560 SOM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted October 9, 2014[**]
Honolulu, Hawaii

Before:    TASHIMA, RAWLINSON, and CLIFTON, Circuit Judges.

Wallace Shimabukoro, Jr. appeals the district court's imposition of his

sentence and special conditions of supervised release.  He argues that the district

court erred by sentencing him to a term of imprisonment above the Sentencing

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Guideline range and by imposing unreasonable special conditions of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1.      We review the district court's consideration of the sentencing guidelines range and the substantive reasonableness of the ultimate sentence for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009); *United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir. 2000). When a district court imposes a sentence outside the recommended guidelines range, it must provide an explanation "sufficiently specific to allow [an appellate court] to conduct a meaningful review." *United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir. 2000); *see* 18 U.S.C. § 3553(c)(2). The district court repeatedly stated that it departed from the sentencing guideline due to the "duration and extent and nature" of Shimabukuro's lies. The district court's "explanation [was] sufficient to provide us with a basis to review the sentence, and thus meets the requirements of 18 U.S.C. § 3553(c)(2)." *Musa*, 220 F.3d at 1101. Because the district court's explanation was "sufficiently specific" and supported by the record, the district court did not abuse its discretion in its sentencing decision. *See id.*

2.      In reviewing a condition of supervised release, the Court must determine the "substantive reasonableness of the supervised release conditions, 'accounting for the totality of the circumstances presented to the district court.'"

*United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (quoting *United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012)). Because Shimabukuro did not object to any of the conditions at sentencing, we review the district court's decision for plain error, *i.e.*, to determine if there was "(1) error, (2) that is plain, (3) that affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jeremiah*, 493 F.3d 1042, 1047 n.3 (9th Cir. 2007). We conclude that the district court did not plainly err in its imposition of the special conditions of supervised release because the conditions serve the permissible aims of rehabilitation, deterrence, and the protection of the public, and do not infringe on Shimabukoro's liberty more than is reasonably necessary. *See Collins*, 684 F.3d at 887.

Accordingly, the judgment and sentence of the district court is **AFFIRMED**.